107 F.3d 871
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
David L. MOLZHON, Plaintiff-Appellant
v.
John M. SIMON, and the City of Defiance, Ohio, Defendants-Appellees
 No. 96-3011.
 United States Court of Appeals,
 Sixth Circuit.
 Jan. 3, 1997.
 
 Before: KENNEDY and BATCHELDER, Circuit Judges, and EDGAR, District Judge.*
 BATCHELDER, Circuit Judge:
 
 
 1
 The plaintiff filed this action under 42 U.S.C. § 1983 in the United States District Court for the Northern District of Ohio. The district court referred the matter to a magistrate judge, who recommended granting summary judgment for the defendants, a recommendation that the district court accepted. The plaintiff appeals.
 
 
 2
 This action arises from the plaintiff's 1993 arrest and indictment on charges which the Defiance County, Ohio, Common Pleas Court dismissed. Count 1 of the complaint alleges that the defendants illegally seized the plaintiff in violation of his rights under the Fourth Amendment, which the Supreme Court has held applies to the states via the Fourteenth Amendment. Mapp v. Ohio, 367 U.S. 643, 654-57, 81 S.Ct. 1684, 1691-92 (1961). Count 2 alleges the city had a policy, custom, or practice of obtaining arrest warrants with probable-cause affidavits "bare of any facts to support probable cause" and that the city failed to train and supervise its employees adequately in an apparent indifference to the plaintiff's constitutional rights.
 
 
 3
 The magistrate judge (and the district court) characterized the claims in the complaint as malicious prosecution and false arrest, both of which require a showing that the plaintiff was arrested without probable cause. Having carefully reviewed the record, we conclude that, regardless of how the plaintiff's claims are characterized, the plaintiff is estopped from asserting any claim based on lack of probable cause for the issuance of a warrant for his arrest because, in the magistrate judge's words, he "was given a full and fair opportunity to litigate the issue of probable cause in the preliminary hearing" in the state court, on July 20, 1993. Coogan v. City of Wixom, 820 F.2d 170, 175 (6th Cir.1987), held that a plaintiff was collaterally estopped from raising a § 1983 malicious-prosecution claim, because he had contested the issue of probable cause at his preliminary hearing in the state circuit court after the examining judge bound him over. "Where a party has had a 'full and fair opportunity' to litigate an issue in earlier state proceedings, he is precluded from relitigating the same issue in a later federal case." Id. at 175 (citation omitted). Coogan also held that an "action for damages under § 1983 based on a claim of malicious prosecution is properly dismissed when the plaintiff fails to show that all the elements of the charge under state law are present." Id. at 174 (citation omitted). "The Constitution does not guarantee that only the guilty will be arrested. If it did, § 1983 would provide a cause of action for every defendant acquitted--indeed, for every suspect released." Id. (quoting Baker v. McCollan, 443 U.S. 137, 145, 99 S.Ct. 2689, 2695 (1979)). Even "if plaintiff had been able to establish all the elements for a claim of malicious prosecution, his proper avenue of relief was the state tort action only, not a claim under § 1983." Id. at 174-75. "Only when 'the misuse of a legal proceeding is so egregious as to subject the aggrieved individual to a deprivation of constitutional dimension' does § 1983 provide a remedy for a claim of malicious prosecution. This claim under § 1983 involves yet another effort to make a federal question out of litigation where exclusive jurisdiction is in the State courts." Id. at 175 (citations and brackets omitted).
 
 
 4
 Regardless of how we might construe the plaintiff's claims in the action before us, he cannot prevail unless he can demonstrate that there was a lack of probable cause to support the warrant for his arrest. Plaintiff had a full hearing on that issue in the state court, and failed to make such a demonstration. He is estopped from relitigating that issue in federal court.
 
 
 5
 We AFFIRM.
 
 
 
 *
 The Honorable R. Allan Edgar, United States District Judge for the Eastern District of Tennessee, sitting by designation